UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 07-28-GWU

SIMON BAKER, PLAINTIFF,

VS.  **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

Simon Baker brought this action to obtain judicial review of the unfavorable portion of a partially favorable administrative decision on his application for Supplemental Security Income (SSI).  The case is before the Court on cross-motions for summary judgment.

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Baker was totally disabled as of February 25, 2004.  (Tr. 22).  The plaintiff had previously filed an application for Disability Insurance Benefits which was denied at all administrative levels in a decision which became final as of February 24, 2004.[1]  (Tr. 15, 34-41).

---

[1] The Court affirmed this denial decision in a Memorandum Opinion, Order and Judgment issued February 28, 2005.  (Tr. 63-72).

1

07-28  Baker

The ALJ denied the claimant's request to reopen this prior denial decision on the current application.  (Tr. 22).  Baker's current appeal only challenges the ALJ's decision not to reopen the prior denial decision.

As noted by the defendant, federal courts are without jurisdiction to review the Commissioner's decision not to reopen a prior application in the absence of a colorable constitutional claim.  Califano v. Sanders, 430 U.S. 99, 107-108 (1977).  The Sixth Circuit Court of Appeals has held that 42 U.S.C. Section 405(g) does not authorize judicial review of an alleged abuse of agency discretion in refusing to reopen a claim for social security benefits.  McCoy on Behalf of McCoy v. Chater, 81 F.3d 44, 45 (6th Cir. 1995).

Baker cites a number of reasons why he believes that the ALJ erred in failing to reopen the prior denial decision.  The plaintiff asserts that the ALJ erred in finding that the record did not contain "new and material" evidence to warrant a reopening of the prior hearing decision.  The claimant cites statements from Dr. Rhonda Sivley, his treating physician, which she made in a deposition which was not available during the time period pertinent to the earlier application.  These statements indicate that the impairments identified in August of 2004 and May of 2005, and were the basis of the favorable portion of the decision, were also present in June, 2003.  (Tr. 351).  The claimant notes that this opinion was entitled to

07-28 Baker

superior weight and that the ALJ should at least have sought the advice of a medical advisor before rejecting it.

The Court notes that these arguments of Baker all concern an abuse of discretion on the part of the ALJ rather than a colorable constitutional claim. Therefore, the Court has no jurisdiction to review this portion of the administrative decision.

As previously noted, the remainder of the administrative decision was fully favorable to Baker. "To satisfy the Article III cases-or-controversy requirement, a litigant must have suffered some actual injury that can be redressed by a favorable judicial decision." <u>Iron Arrow Honor Society v. Heckler</u>, 464 U.S. 67, 70 (1983). Since there is no live case or controversy present in this action to trigger judicial review, the Court does not have subject matter jurisdiction. <u>DeFunis v. Odegaard</u>, 416 U.S. 312, 316 (1974). Therefore, the plaintiff's claim must be dismissed.

This the 6th day of December, 2007.



Signed By:

<u>G. Wix Unthank</u>

**United States Senior Judge**